SAMI of Aua, Plaintiff

v.

SEMAIA of Aua, Defendant

No. 12-1932

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Afu" of Aua]

February 24, 1933

 

 

 

DECISION

The Matai name case Afu came on to be heard by the High Court on the 24th of February 1933 before *Chief Justice* H. P. WOOD, and *Associate Judges* MULI and PULETU.

The proponent of the name Semaia bases his claim upon the alleged fact that he is the grandson of the sister of the last holder of the name.

It is not certain from the testimony for how long a period the matai name Afu has been vacant but it is reasonably certain that there has not been a holder of the name for the past 25 or 30 years and in the meantime the pule of the Afu family and its lands has been held by the matai name Paopao, first by Paopao Pati and later by Paopao Petelo; and this pule has been exercised by the Paopaos with the consent of the Afu family.

The affairs of the family of Afu are not clear from the testimony. It was stated that there were four matais of the Afu family, Paopao, Afu, Sami and Suaava. Of these four it is distinctly stated that Paopao is the chief matai. This would indicate that a mistake has been made by the witnesses and that the real fact is that Afu is the sub-matai of the Paopao family. This would explain why Paopao upon the vacating of the name Afu by death or otherwise should have the pule of the lands of the sub-matai.

Sami has filed an objection to the registration of the name Afu by Semaia and bases his claim upon the alleged

fact that he is a successor of a holder of the name Afu through one Gauia who did not hold the name Afu, but that he Sami had been exercising the pule of the Afu lands and family affairs through the direction and consent of Paopao.

Upon these facts it may be reasonably conjectured that Semaia is a descendant of the family of the last holder of the name while Sami although not a descendant of a holder of the name Afu has been exercising a pule of the Afu lands by the consent of the chief matai of the Paopao family, of which the name Afu is a sub-matai.

Semaia was unwilling to take the stand in his own behalf and only appeared as a witness by direction of the Court. He apparently knew but little of the affairs of the family and was a most unsatisfactory witness by reason of the fact that he is extremely deaf. The Court has serious doubts as to his fitness to hold a matai name and as such conduct the affairs of the Samoan family as among themselves and to represent them before government officials.

This Court has a mandate from the Fono which directs it to award the matai name to that candidate having the best hereditary right to it and although Semaia's hereditary right is no doubt superior to that of Sami yet the Court does not consider that this mandate directs it to appoint such a man as matai as, in its opinion, will be detrimental to the affairs of the family over which he is to have such a large control.

This family has been without a matai for over 25 years and in the opinion of the Court it will be less harmed by leaving its affairs in the *status quo* than by having such a matai as Semaia.

In this case the Court will neither appoint Semaia or Sami as matai of the Afu family but as indicated from the

bench will hold the case open until both parties agree on a matai, or a majority of the Afu family agree upon a candidate who will be acceptable to the Government of American Samoa. If and when this is done the Court will register the matai name for the person so chosen without further cost, and the cost of the trial in the present case will be divided equally between Sami and Semaia, that is $12.50 each.